IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COURTNEY MCCORMICK                                      PLAINTIFF

VS.                                                    CASE NO. 3:19cv163-SA-RP

AMERICAN PLASTIC TOYS, INC.                         DEFENDANT

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Courtney McCormick (hereinafter "Plaintiff"), files this action against Defendant, American Plastic Toys, Inc. (hereinafter "American Plastic Toys" or "Defendant") for unpaid minimum wage and overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought by Plaintiff under the FLSA to recover unpaid minimum wage and overtime compensation, liquidated damages and reasonable attorney's fees and costs from Defendant.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4. The United States District Court for the Northern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6. Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendant and Defendant therefore "resides" in Mississippi.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendant within this district during the relevant time period subject to this Complaint and/or Defendant maintained a business operation within this district.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. At all material times hereto, Defendant, American Plastic Toys is a for-profit corporation who operates and conducts business in Olive Branch (DeSoto County), Mississippi and is headquartered at 799 Ladd Road Walled Lake (Oakland County), Michigan.

10. Upon information and belief, Plaintiff is, was and continues to be a resident of Holly Springs (Marshall County), Mississippi and worked as a maintenance technician for Defendant in Olive Branch (DeSoto County), Mississippi.

## COVERAGE

11. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

12. At all material times hereto (2016-2019), Defendant was the "employer" within the meaning of the FLSA.

13. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

14. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all material times hereto (2016-2019), Defendant was, is and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all material times hereto (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. At all material times hereto (2016-2019), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

18. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

   a) Operated instrumentalities of commerce;

   b) Transported goods in commerce;

   c) Used channels of commerce;

   d) Communicated across state lines; and/or

   e) Performed work essential to any of the preceding activities.

19. Defendant and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

20. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

21. At all material times hereto (2016-2019), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no

provisions were made by Defendant to properly pay Plaintiff for those all hours worked in a work week or those in excess of forty (40).

22. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

23. Plaintiff, Courtney McCormick worked as a maintenance technician at the Olive Branch, Mississippi location for Defendant.

24. Defendant, American Plastic Toys is a toy manufacturer located at 11200 Wildwood Dr. Olive Branch (DeSoto County), Mississippi with a headquarters location at 799 Ladd Road Walled Lake (Oakland County), Michigan.

25. Plaintiff worked in this capacity from approximately May 1, 2018 through March 26, 2019.

26. Plaintiff was paid $21.00 per hour in exchange for work performed.

27. Plaintiff worked over forty (40) hours per work week on a regular basis.

28. Defendant routinely deducted at least a half-hour from Plaintiff's daily work hours for break periods that Plaintiff actually worked.

29. As a result of these impermissible deductions, Plaintiff was denied significant overtime compensation.

30. Plaintiff made several attempts to discuss these deductions with his Plant Manager, but was typically ignored and instructed to return to work.

31. After weeks of complaining, Defendant's Controller eventually looked into the pay issue and calculated the purported back overtime pay owed to Plaintiff.

5

32. Defendant's Plant Manager presented the Controller's calculation to Plaintiff in the form of a release for Plaintiff's signature.

33. Plaintiff did not agree with Defendant's calculation, but Plaintiff was not provided an opportunity to question the calculation nor was Plaintiff presented with any time documents to support the purported calculation.

34. Plaintiff essentially executed the agreement under pressure from his Plant Manager without any ability to verify the accuracy of the proposed payout and without being apprised of his rights under the FLSA.

35. Additionally, when Plaintiff finally received the back pay check, it was for less than the amount that Defendant initially indicated.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

37. Defendant routinely reduced Plaintiff's hours each week by deducting lunch breaks from time for which he actually worked thereby avoiding payment of full and proper overtime compensation.

38. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

39. Plaintiff regularly worked over forty (40) hours per week.

40. Despite working more than forty (40) hours in any given week, Defendant failed to pay Plaintiff proper overtime compensation at a rate of time-and-one-half his regular rate of pay for hours worked over forty (40).

41. In addition, Defendant did not maintain and keep accurate time records for

Plaintiff as required by the FLSA.

42. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

43. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for some hours worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

44. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

45. Plaintiff demands judgment against Defendant for the payment of all hours worked by him at one-and-one-half times his regular rate of pay for which Defendant did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

46. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Courtney McCormick respectfully requests that judgment be entered in his favor against Defendant, American Plastic Toys, Inc.:

    a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the provisions of the FLSA;

    b) Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c) Awarding Plaintiff liquidated damages in an amount equal to the above

award;

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e) Awarding Plaintiff pre-judgment interest;

f) Ordering any other further relief the Court deems just and proper.

DATED: July 22, 2019.

Respectfully submitted,
COURTNEY MCCORMICK, PLAINTIFF

/s/ Christopher W. Espy
CHRISTOPHER W. ESPY (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:  601-718-2087
Fax:  601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF MARSHALL

I, COURTNEY MCCORMICK, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: 7/22/19

COURTNEY MCCORMICK, PLAINTIFF